IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MITCHELL SHANE ESTEP,
    Petitioner,

vs.                                   Case No.:  5:06cv74/MCR/EMT

JOSE BARRON, JR., et al.,
    Respondents.
_____/

### REPORT AND RECOMMENDATION

This matter is before the court upon a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (Doc. 1).  Respondent Barron filed an answer (Doc. 10), and Petitioner filed a reply (Doc. 12).

This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of the issues raised by the parties, it is the opinion of the undersigned that the petition should be dismissed for Petitioner's failure to exhaust his administrative remedies.

Petitioner is a federal prisoner who was convicted in the United States District Court for the Middle District of Florida and is currently housed at Federal Correctional Institution, Marianna, Florida (FCI Marianna) (*see* Doc. 1).  Respondent Barron is the Warden of FCI Marianna. Petitioner challenges the Bureau of Prison's (BOP) terminating him from the Residential Drug Abuse Program (RDAP).  His challenge is based on the following grounds:  (1) his alleged conduct that precipitated his termination was not a sufficient ground for termination under 28 C.F.R. § 550.56; (2) he was not afforded due process prior to his termination, and (3) his termination was retaliatory (Doc. 1 at 3-5). Petitioner claims that his termination from the program deprived him of his "liberty interest" in receiving a one-year sentence reduction pursuant to 18 U.S.C. § 3621(e).[1]

---

[1]Section 3621(e)(2)(B) provides:

The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

Warden Barron seeks dismissal of the petition on the ground that Petitioner failed to exhaust his administrative remedies (Doc. 10 at 3-4).  Alternatively, Warden Barron seeks denial of the petition on the merits (*id*. at 6-12).

Petitioner's exhaustion of BOP administrative remedies is a prerequisite to this court's subject matter jurisdiction over his section 2241 claims.  United States v. Lucas, 898 F.2d 1554, 1555-56 (11th Cir. 1990) (citing United States v. Mitchell, 845 F.2d 951 (11th Cir. 1988); United States v. Mathis, 689 F.2d 1364 (11th Cir. 1982)).  As restated by the Eleventh Circuit in its consideration of 18 U.S.C. § 3585 in Dawson v. Scott, 50 F.3d 884 (11th Cir. 1995), the Attorney General, acting through the Bureau of Prisons, initially possesses the exclusive authority under the law of this Circuit to compute sentence credit awards after sentencing.  Additionally, section 3621(e)(2)(B) clearly grants discretionary authority to the Bureau of Prisons to reduce certain inmates' sentences.  This grant of authority is identical to that which Congress afforded the Attorney General in terms of the computation of inmates' sentences.  *See* Lucas, *supra*; *see also* Gonzalez v. United States, 959 F. 2d 211, 212 (11th Cir. 1992).  Under § 3621, the BOP is directly authorized to manage rehabilitation programs, to determine inmate eligibility for participation in the programs, and to award varied sentence reductions.  Because Congress has granted this authority to an executive branch administrative agency, the exhaustion of administrative remedies is mandatory for federal habeas review.  *See, e.g.,* Meagher v. Dugger, 737 F. Supp. 641, 643 (S.D. Fla. 1990) (recognizing that even where the purposes of the exhaustion doctrine would not be served, the jurisdictional nature of this doctrine in the context of sentencing computations by an administrative agency requires dismissal of an unexhausted petition); Thomas v. United States, 2005 WL 1138824 (M.D. Ala. May 11, 2005) (holding that exhaustion of administrative remedies was required where petitioner challenged possibility that BOP would not award sentence reduction upon his completion of RDAP, and petitioner's subjective belief that exhaustion would be futile was insufficient to excuse him from the exhaustion requirement).

The BOP provides a four level administrative grievance procedure for prisoner complaints.  28 C.F.R. §§ 542.10, 542.13 - 542.16.  Initially, prisoners must seek resolution of issues through informal grievances submitted to BOP staff.[2]  28 C.F.R. § 542.13(a).  If unsuccessful, an inmate may

---

[2]Exceptions to the informal grievance requirement include the following:  (1) inmates in Community Corrections Centers are not required to attempt informal resolution; (2) an informal resolution attempt is not required prior to submission to the Regional or Central Office for "sensitive" issues that would place the inmate's safety or well-being in danger if the request became known to the institution; however, the Regional Director may return the request to the inmate if he does not agree that the request is of a sensitive nature, and the inmate may pursue the matter by filing a grievance with the warden, and (3) an informal resolution attempt may be waived in individual cases at the warden or institution administrative remedy coordinator's discretion when the inmate demonstrates an acceptable reason for bypassing informal resolution.  28 C.F.R. §§ 542.13(b), 542.14(d).

then file a formal written complaint with the warden on the appropriate form (BP-9).  28 C.F.R. § 542.14(a).  An inmate who is not satisfied with the warden's response may submit an appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the warden signed the response.  28 C.F.R. § 542.15.  An inmate who is not satisfied with the Regional Director's response may submit an appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response.  *Id.*  Each of these steps is generally required to satisfy the exhaustion prerequisite.

In his petition, Petitioner conceded that he had not completed the administrative grievance process at the time he filed his petition (*see* Doc. 1 at 4-5).  With his response to the habeas petition, Warden Barron submitted a Declaration of John Travis LeMaster, an attorney for the BOP at the Staff Training Academy (Doc. 10, Ex. 2).  As part of his duties, Mr. LeMaster has access to BOP records relating to the administrative remedy program for inmates (LeMaster Decl. ¶ 3).  Mr. LeMaster states that he reviewed the administrative remedy records concerning Petitioner's administrative filings and noted that on March 20, 2006, Petitioner filed a grievance with the warden requesting readmission to RDAP (*id*. ¶ 6).  On March, 28, 2006, Petitioner filed a grievance with the Regional Director requesting readmission to RDAP, but the grievance was denied as the issue had not been decided at the institutional level (*id*. ¶ 9).[3]  On April 17, 2006, Warden Barron provided a written denial of Petitioner's grievance (*id*. ¶ 6).  On May 9, 2006, Petitioner appealed Warden Barron's decision to the Regional Director (*id*. ¶ 7).  At the time of Warden Barron's filing his answer to the instant habeas petition, the Regional Director had not responded to the appeal, as a response was not due until June 7, 2006 (*id*.).

In Petitioner's reply to Warden Barron's answer, Petitioner does not dispute the assertion that he failed to exhaust his administrative remedies; rather, Petitioner asserts that exhaustion is not required for habeas actions brought under § 2241, and that he "has done everything within his power expedite [sic] proceeding and pursue his administrative remedies" (Doc. 12 at 1-2).  For the reasons discussed *supra*, this court rejects Petitioner's assertion that exhaustion is not required for § 2241 actions.  Furthermore, although Petitioner states he has "done everything in his power" to pursue his administrative remedies, he has not submitted documentation demonstrating that the instant claims have been exhausted.  *See* <u>Darr v. Burford</u>, 339 U.S. 200, 218-19, 70 S. Ct. 587, 597-98, 94 L. Ed. 761 (1950) (recognizing petitioner's burden to demonstrate exhaustion of state remedies), *overruled in part on other grounds by* <u>Fay v. Noia</u>, 372 U.S. 391, 83 S. Ct. 822, 9 L. Ed. 2d 837 (1963); *see also* <u>Hannah v. Conley</u>, 49 F.3d 1193, 1196 n.4 (6th Cir. 1995); <u>Mallory v. Smith</u>, 27

---

[3] Petitioner filed the instant § 2241 petition the same day, on March 28, 2006 (*see* Doc. 1 at 6).

F.3d 991, 994 (4th Cir. 1994).  Additionally, to the extent that exceptions to the exhaustion requirement may be appropriate, for example, where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action, *see* Hessbrook v. Lennon, 777 F.2d 999, 1003 (5th Cir. 1985), Petitioner has failed to demonstrate the existence of extraordinary circumstances that qualify him for an exception to the exhaustion requirement.  *See* Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (the petitioner bears the burden of demonstrating the futility of administrative review) (citations omitted).

Because Petitioner does not dispute that he has not exhausted his administrative remedies, and indeed he has failed to demonstrate his compliance with the administrative grievance procedure, his petition should be dismissed without prejudice to his filing another habeas action upon exhaustion of the administrative process.

Accordingly, it is respectfully **RECOMMENDED**:

That the petition for writ of habeas corpus (Doc. 1) be **DISMISSED** without prejudice for Petitioner's failure to exhaust his administrative remedies.

At Pensacola, Florida, this  31st  day of August 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE  JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**